a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MIGUEL ANGEL LOPEZ, Petitioner | CIVIL DOCKET NO. 1:18-CV-1501-P |
| VERSUS | JUDGE DEE D. DRELL |
| ATTORNEY GENERAL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Miguel Angel Lopez ("Lopez") (A#206237782). At the time of filing, Lopez was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"), being detained at the LaSalle Detention Center in Jena, Louisiana. Lopez challenges his continued detention under Zadvydas v. Davis, 533 U.S. 678 (2001).

Because Lopez has been removed from the United States, his Petition (Doc. 1) should be DISMISSED as MOOT.

I. Background

Lopez is a native and citizen of El Salvador. He was ordered removed from the United States in 2014. (Doc. 7-1, p. 2). According to an email from the Consul General of El Salvador, it was determined that Lopez was not a citizen of El Salvador. (Doc. 7-1, p. 6). In 2015, Lopez was released under an order of supervision. (Doc. 7-1, pp. 3-4). Lopez was again arrested in 2017. (Doc. 7, p. 2; Doc. 7-1, p. 7). Lopez alleges he has been in ICE custody since December 7, 2017. (Doc. 7, p. 2). Lopez further

claims there is no significant likelihood of his removal in the reasonably foreseeable future due to a prior determination that he is not a citizen of El Salvador. (Doc. 1, p. 2).

The ICE Online Detainee Locator Service indicates that Lopez is no longer in custody. https://locator.ice.gov/odls/#/index. The office of the United States Attorney for the Western District of Louisiana confirmed that Lopez has been removed to El Salvador.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. Therefore, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

Lopez challenges his continued detention under Zadvydas. However, bjecause Lopez has been removed, the § 2241 Petition is moot. See Francis v. Lynch, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal

under Zadvydas became moot when petitioner was removed); Odus v. Ashcroft, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the forum court lacks subject matter jurisdiction. Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because Lopez is no longer in DHS/ICE custody, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED for lack of subject matter jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Lopez's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __10th__ day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE